U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAY - 7 2009

ROBERT H. SHEMWELL, CLERK
BY _____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| RONALD RICHARD | CIVIL ACTION NO. 08-1205 |
| versus | JUDGE TRIMBLE |
| COLDWELL BANKER LEGACY, ET AL. | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is an appeal[1] of the magistrate judge's recent denial of remand, filed by plaintiff. Plaintiff asserts that, contrary to the findings of Magistrate Judge Kay in this matter, this court has no diversity or federal question jurisdiction and, consequently, no supplemental jurisdiction over his remaining Louisiana law claims. Alternatively, plaintiff asserts that, if the court finds that it has supplemental jurisdiction, it should decline to exercise it pursuant to 28 U.S.C. § 1367(c).

I.   BACKGROUND

*Relevant Facts and Procedural History*

Plaintiff filed suit in the Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana on December 6, 2007.[2] Plaintiff's suit named Coldwell Banker Legacy ("Coldwell Banker"), Kathy Ware ("Ware"), Majestic Properties, LLC, Clarke Insurance

---

[1] R. 19.

[2] R. 1-3.

1

Company and Fidelity National Property and Casualty Insurance Company ("Fidelity") as defendants.[3] Plaintiff's suit alleges that he agreed to buy certain property located in Johnson Bayou, Louisiana contingent upon his ability to obtain "reasonable flood insurance."[4] Plaintiff further alleges that he was informed by Ware that "the property was insurable and had flood insurance."[5] Plaintiff alleges that, while he was able to purchase flood insurance on the property for a $1181 yearly premium through Clarke Insurance Company, his agent, on August 1, 2007 he was informed that Fidelity had cancelled the policy because the property was in a Coastal Barrier Resource Act Zone ("CBRA Zone") and not insurable under the policy issued.[6] Plaintiff alleges that, upon learning of the policy's cancellation by Fidelity, he and his insurance agent contacted Ware who indicated that "there had been dispute for years over whether or not the property was in a [CBRA] zone."[7] Plaintiff asserts that, while he was able to eventually purchase replacement flood insurance on the property, the yearly premium is now $6,700.[8] Plaintiff further asserts that he has attempted to sell the property, but that the offer tendered was rescinded once plaintiff disclosed the fact that the property was located in a CBRA zone.[9]

Plaintiff's suit alleged various acts of negligence, including misrepresentation, as well

---

[3] Id.

[4] Id. at ¶ 4.

[5] Id. at ¶ 5.

[6] Id. at ¶¶ 7-8.

[7] Id. at ¶ 12.

[8] Id. at ¶ 16.

[9] Id. at ¶ 17.

2

as fraud.[10] Plaintiff's suit alleges that his consent to the sale was vitiated and that the property contained a redhibitory defect.[11] Under these theories, plaintiff prays for recision of the sale and damages.

Defendant Fidelity removed this suit to the U.S. District Court for the Western District of Louisiana in August of 2008.[12] Fidelity's notice of removal argued that plaintiff's complaint raised a number of federal issues, including whether or not Fidelity breached any duty under the National Flood Insurance Plan ("NFIP") Standard Flood Insurance Policy ("SFIP"). Plaintiff voluntarily dismissed its claims against Fidelity in September of 2008 and filed a motion to remand this case seven (7) days later.[13]

Plaintiff's motion was referred to the magistrate judge for decision.[14] After oral argument, the magistrate judge denied plaintiff's motion for remand on January 9, 2009. Plaintiff timely appealed from that ruling and briefing delays have now expired.[15] Written reasons for the magistrate judge's ruling were issued on April 13, 2009.[16] The official transcript of the hearing was entered in the record on April 30, 2009.[17]

---

[10] Id. at ¶¶ 21-28.

[11] Id. at ¶¶ 21-28.

[12] R. 1-1.

[13] R. 7, 10, 12.

[14] R. 11.

[15] R. 19.

[16] R. 25.

[17] R. 27.

## Applicable Standards

A federal judge may refer to a magistrate judge, with enumerated exceptions, any pretrial matter pending before him.[18] Parties who object to any finding by the magistrate judge may file written objections thereto within ten (10) days of the issuance of the order in question.[19] The district judge shall modify only such portions of the magistrate judge's order which he finds to be clearly erroneous or contrary to law.[20] In making this determination, the district judge may not consider arguments not previously heard by the magistrate judge on the original referred motion.[21]

A defendant may remove a civil action filed in state court when a federal district court has original jurisdiction over the action.[22] The defendant removing the action to federal court bears the burden of demonstrating federal jurisdiction.[23] Conclusory allegations are insufficient to carry the removing party's burden.[24] Federal courts are courts of limited jurisdiction and, as such, a district court considering the propriety of removal must strictly construe removal statutes

---

[18] 28 U.S.C. § 636(b)(1)(A).

[19] Fed. R. Civ. P. 72(a).

[20] Id.

[21] 8 Fed. Proc., L. Ed. § 20:205.

[22] 28 U.S.C. § 1441(a).

[23] Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) (citing Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 253-54 (5th Cir. 1961)).

[24] Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999) (internal citations omitted).

and resolve all doubts in favor of remand.[25]

Applying the well-pleaded complaint rule, a federal district court has original or removal jurisdiction only if a federal question appears on the face of plaintiff's well-pleaded complaint.[26] A complaint wherein plaintiff pleads only state law causes of action generally does not demonstrate federal jurisdiction.[27] Additionally, the fact that one or more defenses to plaintiff's state law allegations lies in federal law is insufficient to establish federal question jurisdiction.[28]

Federal district courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States."[29] 28 U.S.C. § 1367(a) provides that, in addition to claims over which they have original jurisdiction, federal district courts shall have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Such a court may decline to exercise supplemental jurisdiction over state law claims for the reasons enumerated in § 1367(c):

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or

---

[25] Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008) (citing In re Hot-Hed, Inc., 477 F.3d 320, 323 (5th Cir. 2007)).

[26] Id. at 251-52 (citing Bernhard v. Whitney Nat'l Bank, 523 F.3d 546 (5th Cir. 2008)).

[27] Id.

[28] Id.

[29] 28 U.S.C. § 1331.

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In addition to these statutory factors, a court considering an exercise of its supplemental jurisdiction is also guided by the common law factors of judicial economy, convenience, fairness, and comity.[30]

## II. ANALYSIS

Plaintiff appeals from the magistrate judge's denial of remand in this case, originally filed in state court and subsequently removed to this court by defendant Fidelity. Plaintiff's appeal brief argues that this court lacks jurisdiction over the claims in this suit because, contrary to the assertions of defendants and the findings of the magistrate judge, plaintiff's claims do not involve the administration of an insurance policy under the NFIP and, instead, are based solely on Louisiana law. Alternatively, plaintiff urges the court to decline to exercise supplemental jurisdiction over his state law claims if it finds that it has original jurisdiction over any federal claims in this case, now voluntarily dismissed without prejudice.

The National Flood Insurance Plan ("NFIP") was established by Congress in 1968 under the National Flood Insurance Act ("NFIA").[31] Sections 4071 and 4072, as argued by defendants, establish the original and exclusive jurisdiction of federal district courts over claims arising under the NFIP.[32]

---

[30] Mendoza v. Murphy, 532 F.3d 342, 346 (5th Cir. 2008).

[31] 42 U.S.C. §§ 4001, et seq.

[32] Seruntine v. State Farm Fire & Casualty Co., 444 F.Supp.2d 698 (E.D. La. 2006).

6

In Seruntine v. State Fire Farm & Casualty Co.,[33] the Louisiana Eastern District Court considered facts similar to those of the instant case. Plaintiff alleged that defendant insurance agents failed to properly advise them of the availability of flood insurance and certain other pertinent information concerning their flood insurance policy. The court distinguished these claims, which it found to relate to policy procurement, from allegations of improper claims handling or policy administration. Citing numerous Louisiana Eastern District cases and the Fifth Circuit's ruling in Wright v. Allstate,[34] the court concluded that defendants failed to demonstrate that interpretation of the NFIP was an "'essential element'" of plaintiff's claims because it was clear that any federal issue concerning the NFIP was "peripheral to plaintiff's claims against their insurance agents, which rest entirely on state law."[35]

We agree with the result of Seruntine and, accordingly, disagree with the magistrate judge's finding that this court possessed original jurisdiction in this case at the time of removal. Plaintiff's complaint clearly alleges purely state law causes of action. Moreover, our review of Fidelity's removal petition reveals that Fidelity designates federal law in response to claims which plaintiff did not make in his state law petition. We find that, just as the pleading of federal law defenses is insufficient to establish federal removal jurisdiction, the designation of hypothetical claims and eventualities is likewise insufficient for that purpose.

It is undisputed that Fidelity, the only party against whom a federal cause of action could potentially be asserted, has been dismissed from this suit. We agree with the magistrate judge's

---

[33] Id.

[34] 415 F.3d 384 (5th Cir. 2005).

[35] Seruntine, supra, at 702-03.

observation that it is possible for plaintiff to bring Fidelity back into this suit because the dismissal was one without prejudice. However, we view any potential claims against Fidelity as relating solely to policy procurement and not to policy administration, which has been interpreted to fall outside the scope of this court's original jurisdiction, a result with which we agree based on the purpose of the NFIP and its financial implications as discussed by the Louisiana Eastern District Court in Seruntine v. State Farm Fire & Casualty Co.[36]

Turning to the statutory and common law factors relied upon by the magistrate judge, we find that, given the slight nature of any potential federal claims in this case, remand is appropriate because such claims did not predominate over plaintiff's state law claims at the time of removal, contrary to Fidelity's assertions.[37] Moreover, we find that the common law factor of judicial efficiency upon which a great deal of the Fifth Circuit's ruling in Brookshire Brothers Holding, Inc. v. Dayco Products, Inc.[38] was based, is satisfied in this case because no substantive litigation has taken place since its filing in 2008. Accordingly, there is no possibility of plaintiff unraveling any rulings by this court for his own tactical advantage.

III. CONCLUSION

The court has carefully reviewed the record in this matter and finds, as explained above, that this court did not possess original jurisdiction over any claims or potential claims in this suit, contrary to the representations of former defendant Fidelity. Accordingly, we find that we lack supplemental jurisdiction over any state law claims made by plaintiff. The court further finds

---

[36] 444 F.Supp.2d 698 (E.D. La. 2006).

[37] 28 U.S.C. § 1367(c)(2).

[38] 554 F.3d 595 (5th Cir. 2009).

that any federal claims which may exist now or in the future are so peripheral and slight compared with the multitude of Louisiana law claims advanced by plaintiff against the remaining defendants that remand is warranted under 28 U.S.C. § 1367(c)(2). Additionally, the court does not find that the common law factor of judicial economy weighs in favor of retaining this suit.

Given these findings, the court concludes that the magistrate's denial of remand in this case was in error and that it must be vacated. The court will issue an order reflecting these findings and remanding the above captioned case to the Fourteenth Judicial District Court for the Parish of Calcasieu, Louisiana, in which it originally filed.

**Alexandria, Louisiana**
**May ___, 2009**

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE